UNITED STATES of America,
Appellee,

v.

Hiram ZAMUDIO–BERGES, aka
Hiram Berges, Defendant–
Appellant.

No. 05–4712–cr.

United States Court of Appeals,
Second Circuit.

June 14, 2007.

**57**

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Neil M. Barofsky, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Harry Sandick, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Hiram Zamudio–Berges appeals a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*), entered on August 25, 2005, sentencing him principally to 360 months' imprisonment upon his plea of guilty to one count of conspiring to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). We assume the parties' familiarity with the balance of the facts, procedural history, and specification of issues on appeal.

■ For two reasons, we reject Zamudio–Berges's contention that the District Court improperly sentenced him based upon its finding that the conspiracy involved 50 kilograms of cocaine. First, because he admitted that the conspiracy involved 50 kilograms of cocaine, the District Court's drug quantity calculation was not a product of judicial fact finding. Second, even if the District Court did engage in fact finding, it did so properly. District courts may rely on their own factual findings in calculating a sentence so long as the sentence imposed does not exceed the statutory maximum authorized by the facts found by a jury or admitted by the defendant. *See United States v. Florez*, 447 F.3d 145, 156 (2d Cir.) *cert. denied,* —— U.S. ——, 127 S.Ct. 600, 166 L.Ed.2d 445 (2006); *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005). Such is the case here, as Zamudio–Berges pled guilty to a conspiracy involving more than five kilograms of cocaine, which exposed him to a statutory maximum sentence of life imprisonment, while the District Court sentenced him to a term that was, by definition, within that allowance. *See* 21 U.S.C. § 841(b)(1)(A).

■ We also reject Zamudio–Berges's contention that his sentence is substantively unreasonable. Although his sentence is quite lengthy, it represents the bottom of the properly-calculated guidelines range, which is a sound "benchmark or a point of reference or departure." *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir.) *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006); *see also United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress.").

Further, in light of the "defendant-specific considerations" here, *United States v. Trupin*, 475 F.3d 71, 76 (2d Cir.2007), we cannot say that the District Court exceeded its discretion in adhering to that bench-

mark, *see Fernandez,* 443 F.3d at 27 ("Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion."). Zamudio–Berges committed an extremely serious offense by conspiring to possess and distribute 50 kilograms of cocaine, illegally entering the country in furtherance of that scheme, managing two other participants in the course of that scheme, and possessing two loaded firearms during its undertaking. Thereafter, while in custody and purporting to cooperate, Zamudio–Berges, in coded language, informed his cohorts-at-large of his arrest, which afforded them the opportunity to dispose of relevant evidence or, even worse, distribute large quantities of cocaine to the general public. In addition, Zamudio–Berges was untruthful in his proffer session and perjured himself in the District Court in connection with his suppression hearing. In light of Zamudio–Berges's actions before and after his arrest, the District Court acted within its allowable discretion in finding that a sentence of 360 months' imprisonment was necessary to promote both specific and general deterrence, punish a highly serious chain of offenses, and protect the public.

For those reasons, we AFFIRM the judgment of the District Court.